**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATALIE BADILLO and MARINA PULIDO, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, an Illinois municipal corporation,<br><br>Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiffs Natalie Badillo and Marina Pulido ("Plaintiffs") bring this class action complaint ("Complaint") against the City of Chicago (the "City" or "Defendant") on behalf of themselves and all others similarly situated. Plaintiffs, by their attorneys, make the following allegations pursuant to the investigation of Plaintiffs' counsel and based upon information and belief, except as to allegations specifically pertaining to Plaintiffs and their counsel, which are based on personal knowledge.

**NATURE OF THE ACTION**

1.      This is a class action bought by motorists who received and paid automated speed enforcement system or automated traffic law tickets issued by the City of Chicago based on information obtained from traffic cameras operated in the City. The tickets were void *ab initio* for failing to comply with Illinois Vehicle Code 625 ILCS 5/11-208.3(b)(2) and the City's related ordinance which specifically mandate with respect to traffic or speed enforcement violations that the "***vehicle make shall be specified*** on the automated speed enforcement system

1

or automated traffic law violation notice if the make is available and readily discernible." 625 ILCS 5/11-208.3(b)(2) (emphasis added).

2.      The requirements of 625 ILCS 5/11-208.3(b)(2) are mandatory and required for municipalities to enforce any automated speed enforcement system or automated traffic law violation.

3.      Plaintiffs, on behalf of themselves and others similarly situated, seek damages, declaratory, equitable, statutory and injunctive relief against the City for issuing tickets to drivers in violation of motor vehicle code 625 ILCS 5/11-208.3(b)(2) (and MCC 9-100-045(a), as set forth below), by failing to specify on the notices of violation the make of the vehicle, or marking the vehicle's make as "other."

4.      By failing to include the vehicle's make or marking the make as "other," a mandatory identification element of the relevant laws and regulations, the City has violated and continues to violate 625 ILCS 5/11-208.3(b)(2) and MCC 9-100-045(a), thereby invalidating or nullifying any issued notice of violation.

5.      As such, the City has wrongfully collected payment and continues to wrongfully seek payment for automated speed enforcement system or automated traffic law violations.

6.      Plaintiffs bring this action on behalf of themselves and a Class of similarly situated individuals (defined below) seeking redress for the acts of the City which have resulted in monetary loss and for declaratory and injunctive relief to end those practices and prevent further losses.  Plaintiffs, on behalf of the Class, also seek injunctive relief on behalf of people who will continue to suffer as a result of the City's illegal conduct unless it is stopped.

<u>**PARTIES**</u>

7.      Plaintiff Natalie Badillo, a citizen of Illinois residing in Chicago, Illinois, maintains a valid Illinois drivers license.   On July 6, 2015, Badillo was photographed for an alleged red light camera violation at or near 2400 W. Pershing Road in Chicago. *See* Automated Traffic Violation attached as **Exhibit A** hereto. The citation listed the make of Badillo's vehicle as "OTHR" despite the fact that the vehicle's make was readily discernible, making it unenforceable and void *ab initio*.  *Id.*   The citation indicated that the penalty for the stated offense was $100, and that Badillo "must pay or contest" the citation by August 23, 2015. Believing the citation to be enforceable, Badillo paid $100 on or before the due date.  *See* Proof of Payment attached as **Exhibit B** hereto.

8.      Plaintiff Marina Pulido, a citizen of Illinois residing in Berwyn, Illinois, maintains a valid Illinois drivers license.  On December 20, 2014, Pulido received a citation issued by the City for an alleged automatic speed enforcement violation.  The citation listed the make of Pulido's vehicle as "OTHR" despite the fact that the vehicle's make was readily discernible, making it unenforceable and void *ab initio*.  The citation indicated that the penalty for the stated offense was $100, and that Pulido "must pay or contest" the citation.  Believing the citation to be enforceable, Pulido paid $100 on or before the due date.

9.      The City of Chicago is an Illinois municipal corporation and at all times was engaged in the practice of ticketing and collecting payments for automated traffic or speed enforcement tickets, citations, notices, violations or summonses that were unenforceable.  In ticketing Plaintiffs and those similarly situated in violation of Illinois law, and in creating policies in furtherance of such actions, the City improperly took payments from Plaintiffs directly for its own benefit.

3

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5 million, exclusive of interest and costs, and is a class action in which Plaintiffs and some members of the Class are citizens of states different than Defendant.  See 28 U.S.C. § 1332(d)(2)(A).

11.     This Court has personal jurisdiction over the City because the City conducts substantial business in Illinois and is located within this District.

12.     Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts giving rise to Plaintiffs' claims occurred in this District and because the City is subject to personal jurisdiction within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A.  Relevant Statutes and the City of Chicago's Use of Traffic Enforcement Cameras

13.     Traffic enforcement cameras are mounted beside or over a road or installed in an enforcement vehicle to detect traffic regulation violations including speeding, vehicles going through a red traffic light, or unauthorized use of a bus lane, as well as for recording vehicles inside a congestion charge area. The cameras can be linked to an automated ticketing system so that citations can be mailed to the registered owner or lessee of the recorded vehicle.

14.     In the case of automated speed enforcement cameras, the camera system uses a 3D tracking radar, high-resolution digital camera and high-definition video camera. The 3D radar identifies any vehicle traveling faster than the posted speed limit and triggers both the camera and the video, which capture the event.  The first image shows the vehicle driving in excess of the speed limit. The second image shows the distance and time the vehicle has traveled. The

license plate is taken from a close-up of one of the images. Additional data collected includes the time, date, posted speed limit, vehicle speed, location, lane and direction of travel. A high-definition video clip of the event is provided as evidence

15. For red light cameras specifically, the digital cameras are tied into the traffic signal system and use radar to detect vehicles approaching the intersection. When the cameras record vehicles entering the intersection after the light turns red they take still and video pictures of the rear of a vehicle, including the license plate. The images receive an initial review by the camera vendor to make sure the image quality is sufficient. The images are then forwarded to the City's Department of Revenue for review and processing. Citations are sent to the registered owner of the vehicle shown in the pictures

16. Traffic enforcement cameras are used to enforce Illinois laws relating to automated traffic or speed enforcement.[1]

17. Traffic violations in the State of Illinois are governed by the Illinois Vehicle Code (the "Code"). The Code specifically regulates the administration of traffic violations by municipalities and *requires* that "any ordinance establishing a system of administrative adjudication under this Section shall provide for" a number of requirements. 625 ILCS 5/11-208.3(b). With respect to traffic or speed enforcement violations relating to traffic enforcement cameras, the Code mandates that the "vehicle make *shall be specified* on the automated speed enforcement system or automated traffic law violation notice if the make is available and readily discernible." 625 ILCS 5/11-208.3(b)(2) (emphasis added).

---

[1]http://www.cityofchicago.org/city/en/depts/cdot/supp_info/children_s_safetyzoneporgramautomaticspeedenforcement/automated_speed_enforcementfrequentlyaskedquestions.html; http://www.cityofchicago.org/city/en/depts/cdot/supp_info/red-light_cameraenforcement.html (last visited April 27, 2016).

18.     The Illinois Vehicle Code further mandates that no municipality shall enforce a citation that does not adhere to the mandatory requirements of 625 ILCS 5/11-208.3(b)(2).  625 ILCS 5/11-207(2).

19.     The Illinois Vehicle Code is to be uniformly applied and enforced throughout the State, and political subdivisions and municipalities do not have the authority to enforce regulations that are in conflict with the Illinois Vehicle Code.  625 ILCS 5/11-207; 625 ILCS 5/11-208.1.

20.     The City is a municipality established in manner consistent with the laws of the Sate of Illinois and is subject to the rules, statutes and limitations applicable to municipalities under Illinois law.

21.     The City adopted the provisions of the Illinois Vehicle Code as being part of the Chicago Municipal Code. Specifically, the Chicago Municipal Code states that all "notices for automated traffic and speed enforcement tickets shall include all applicable information required in Sections 11-208.3" and defines the term "shall" as ***mandatory***.   MCC 9-100-045(a); MCC 1-4-100.

22.     As such automated traffic or speed enforcement tickets that do not specify the vehicle's make fail to meet the mandatory requirements of 625 ILCS 5/11-208.3(b)(2) and MCC 9-100-045(a) and are void *ab initio* and unenforceable as a matter of law.

23.     The City wrongfully demands and collects payment for traffic or speed enforcement tickets, citations, notices, violations or summonses that do not specify the vehicle's make in direct violation of  625 ILCS 5/11-208.3(b)(2) and MCC 9-100-045(a).

24.     As such, the City's traffic enforcement camera program, its application and related penalties from inception are invalid and contrary to Illinois law. Moreover, any fines issued or paid by motorists were invalid and inappropriate as a matter of law.

25.     The City adopted policies and procedures to enforce and obtain revenue for automated speed enforcement system or automated traffic law violations despite the fact that the City knew or should have known that violations were issued contrary to Illinois law and that such policies and procedures violated motorists' rights.

26.     The City illegally collected this money for the purpose of maximizing the revenue to the City.

**B. Plaintiffs and Class Members Have Been Issued Tickets that Are Void and Unenforceable**

27.     Plaintiffs and those similarly situated have been ticketed or issued citations by the City for alleged automated speed enforcement or automated traffic law violations.

28.     Plaintiffs and the Class received violations and did not know that the tickets were issued in a manner inconsistent with statutory requirements. Because of the foregoing unlawful conduct, the tickets were not enforceable and Plaintiffs and the Class were wrongfully asked or actually induced to pay fines.

29.     Plaintiffs and the Class were injured upon the receipt of unlawfully issued automated speed enforcement or traffic law citations and, because the citations were void, the injury exists irrespective of whether the driver actually deserved the citation.

## CLASS ACTION ALLEGATIONS

30.     Pursuant to Federal Rule of Procedure 23(b)(2) and (3), Plaintiffs bring this action on behalf of themselves and a class (the "Nationwide Class") of all persons similarly situated and as defined as follows:

> All United States residents who, within the relevant statute of limitations period, received an automated speed enforcement system or automated traffic law violation notice issued by the City of Chicago as a result of an image or video taken from a traffic enforcement camera and either: (1) paid the statutory fine, (2) still owe the fine, or (3) successfully contested the fine but incurred monetary loss as a result. Excluded from the Class are Defendant, any officers or directors thereof, together with the legal representatives, heirs, successors, or assigns of Defendant, and any judicial officer assigned to this matter and his or her immediate family.

31. Alternatively, or in addition to the Nationwide Class claims, Plaintiffs bring Count III under Fed. R. Civ. P. 23(b)(2) and/or 23(b)(3) on behalf of themselves and all similarly situated individuals and entities residing in Illinois and other states where the laws are materially similar to those of Illinois (the "Multistate Class"). The Multistate Class consists of:

> All residents of Illinois, California, Florida, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington who, within the relevant statute of limitations period, received an automated speed enforcement system or automated traffic law violation notice issued by the City of Chicago as a result of an image or video taken from a traffic enforcement camera and either: (1) paid the statutory fine, (2) still owe the fine, or (3) successfully contested the fine but incurred monetary loss as a result. Excluded from the Class are Defendant, any officers or directors thereof, together with the legal representatives, heirs, successors, or assigns of Defendant, and any judicial officer assigned to this matter and his or her immediate family.

32. The Nationwide and Multistate Classes will be referenced collectively as the "Class" unless otherwise specified.

33. Plaintiffs reserve the right to amend or modify these Class definitions with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

34. Members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is presently unknown, and can only be ascertained through appropriate discovery, Plaintiffs believe the members of the Class number in the thousands.

35.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.   Among questions of law and fact common to the Class are:

a.   Whether traffic or speed enforcement tickets, citations, notices, violations or summonses that omit a vehicle's make, or describe it as "other," are void and unenforceable;

b.   Whether the City has been unjustly enriched as a result of its unlawful business or governmental practices of collecting payments for unenforceable or void traffic or speed enforcement tickets, citations, notices, violations or summonses;

c.   Whether the City's conduct constitutes conversion;

d.   Whether the City's conduct violates the Illinois Consumer Fraud and Deceptive Business Practice Act

e.   Whether the City should be enjoined from continuing to operate the automated speed enforcement and automated traffic law violation program until the program complies with applicable laws, rules and regulations with respect to the issuing and processing of alleged violations;

f.   Whether Plaintiffs and members of the Class are entitled to declaratory relief; and

g.   Whether the City should be required to make restitution, disgorge profits, reimburse losses, and pay damages as a result of the above-described practices.

36.     Plaintiffs will fairly and adequately represent and protect the interests of the Class and have retained competent counsel experienced in complex litigation and prosecuting class actions.  Neither Plaintiffs nor their counsel have any interests adverse to those of the Class, and the City has no defenses unique to Plaintiffs.  Plaintiffs and each member of the Class suffered a loss of money as a result of unenforceable traffic or speed enforcement tickets, citations, notices, violations or summonses.  Plaintiffs intend to prosecute this action vigorously and have the

financial resources to do so. The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

37. This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by the individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured. There will be no difficulty in the management of this class action.

## COUNT I
## UNJUST ENRICHMENT
### (On Behalf of the Nationwide and Multistate Classes)

38. Plaintiffs and the Class members reallege and incorporate by reference the factual allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. Plaintiffs bring this Count I individually and on behalf of the members of the Class against the City.

40. Plaintiffs and Class members conferred a benefit on the City by paying void and unenforceable automated traffic or speed enforcement tickets under such circumstances such that the City's retention of the benefit without payment to the Plaintiffs and the Class would be unjust.

41.     The amounts paid to the City by the Plaintiffs and members of the Class were expressly or impliedly requested by the City through its issuance of purportedly enforceable, but actually void *ab initio*, citations.

42.     The City has been unjustly enriched in retaining the revenues derived from Class members' payment of automated traffic or speed enforcement tickets that failed to indicate the vehicle's make.  Retention of these monies is unjust and inequitable because the City was not entitled to receive payment for tickets that were void, unenforceable and/or in violation of the express requirements of Illinois law as set forth herein.

43.     Plaintiffs and Class members suffered a loss of money as a result of the City's unjust enrichment because they would not have paid traffic or speed enforcement tickets, citations, notices, violations or summonses had Plaintiffs and the Class known they were unenforceable.

44.     Because the City's retention of the non-gratuitous benefit conferred on them by Plaintiffs and Class members is unjust and inequitable, the City of Chicago must pay restitution to Plaintiffs and Class members for its unjust enrichment, as ordered by the Court.

**COUNT II**
**CONVERSION**
**(On Behalf of the Nationwide and Multistate Classes)**

45.     Plaintiffs and the Class members reallege and incorporate by reference the factual allegations contained in paragraphs 1 through 37 as if fully set forth herein.

46.     Plaintiffs bring this Count II individually and on behalf of the members of the Class against the City.

47.     By the actions described above, the City has unjustifiably converted and willfully interfered with Plaintiffs' property (money) in specific and readily identifiable amounts, thereby depriving Plaintiffs of the possession of that property.

48.     Plaintiffs and Class members conferred a benefit on the City by paying void and unenforceable traffic or speed enforcement tickets, citations, notices, violations or summonses in specific and readily identifiable amounts under such circumstances that the City's retention of the benefit without payment to the Plaintiffs and the Class would be unjust.

49.     The City has, without proper authorization, assumed and exercised the right of ownership over these funds, in hostility to the rights of Plaintiffs and the Class, without legal justification.

50.     The City intends to permanently deprive Plaintiffs and the Class of these funds, which are properly and legally owned by Plaintiffs, not by the City.

51.     As a direct and proximate result of this conduct, Plaintiff and the Class have suffered demonstrable monetary damages, and will continue to do so in the future. Plaintiff and the Class are entitled to recover from the City all damages and costs permitted by law, including all amounts that the City has wrongfully converted.

## COUNT III
### VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AND MATERIALLY SIMILAR STATE LAWS
#### (On Behalf of the Multistate Class)

52.     Plaintiffs and the Class incorporate by reference paragraphs 1 through 37 above as if fully set forth herein.

53.     Plaintiffs bring this Count individually and on behalf of the other members of the Multistate Class defined above.

54.     The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2, prohibits unfair or deceptive acts or practices in connection with any trade or commerce, including, among other things, "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact,…whether any person has in fact been misled, deceived, or damaged thereby."

55.     The City's issuance of automated speed enforcement and automated traffic law violation citations occurred in the course of trade or commerce.

56.     In violation of the ICFA, the City engaged in deceptive acts or practices by issuing automated speed enforcement system or automated traffic law citations under color of law when it knew, or should have known, that those citations were void *ab initio* for failing to comply with Illinois Vehicle Code 625 ILCS 5/11-208.3(b)(2).

57.     Absent such fraud, Plaintiffs and the Class would not have paid the citations.

58.     Separately and independently, the City's conduct described above constitutes unfair practices under the ICFA, as its policy of issuing automated speed enforcement system or automated traffic law citations under color of law when it knew, or should have known, that those citations were void *ab initio* for failing to comply with Illinois Vehicle Code 625 ILCS 5/11-208.3(b)(2) offends public policy and is immoral, unethical, oppressive, and unscrupulous.

59.     The City's conduct constitutes unfair competition or unfair, unconscionable, deceptive, fraudulent or unlawful acts or business practices in violation of the ICFA and the following State consumer protection statutes, which are materially similar to the ICFA: California (Cal. Bus. & Prof. Code § 17200, *et seq*. and Cal. Civil Code § 1750, *et seq*.); Florida (Fla. Stat. § 501.201, *et seq*.); Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq*.); Michigan (Mich. Comp. Laws § 445.901, *et seq*.); Minnesota (Minn. Stat. § 325F.67, *et seq*.); Missouri

(Mo. Rev. Stat. § 407.010, *et seq.*); New Jersey (N.J. Stat. § 56:8-1, *et seq.*); New York (N.Y. Gen. Bus. Law § 349, *et seq.*); and Washington (Wash. Rev. Code § 19.86.010, *et seq.*).

60.    The City intended for Plaintiffs and the Classes to rely on its deceptive and unfair practices in order to induce Plaintiffs and the Class to pay the void citations.

61.    Plaintiffs and the Class have suffered injuries in fact and actual damages, including financial losses, due to the City's violations of the ICFA and the materially similar consumer fraud laws of other states, as alleged herein. These injuries are of the type that the above State consumer protection statutes were designed to prevent and are the direct and proximate result of the City's unlawful conduct.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against City, as follows:

a.    For an order certifying the Class and naming Plaintiffs as Class Representatives and their attorneys as Class Counsel;

b.    For an order finding in favor of Plaintiffs and the Class on the causes of action asserted herein;

c.    For an order declaring that automated traffic law violation or speed enforcement tickets, citations, notices, violations or summonses that do not contain the vehicle's make or indicate it as "other" are enforceable and void;

d.    For an order enjoining the City from issuing or collecting payment for automated traffic law violation or speed enforcement tickets, citations, notices, violations or summonses that fail to contain the vehicle's make or indicate it as "other" when the make is readily discernible.

e.    For an order awarding compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f.    For prejudgment interest on all amounts awarded;

g.    For an order of restitution and all other forms of equitable monetary relief;

h.    For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit; and

i.    For any further relief that the Court deems appropriate.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiffs demand a trial by jury of all issues so triable.

Dated:  April 27, 2016                          **LITE DEPALMA GREENBERG, LLC**

                               By:    */s/ Katrina Carroll*

                                      Katrina Carroll, Esq.
                                      *kcarroll@litedepalma.com*
                                      Kyle A. Shamberg, Esq.
                                      *kshamberg@litedepalma.com*
                                      **LITE DEPALMA GREENBERG, LLC**
                                      211 W. Wacker Drive
                                      Suite 500
                                      Chicago, Illinois 60606
                                      Phone: 312.750.1265
                                      Fax: 312.212.5919

                                      Steven R. Jaffe, Esq. (to appear *pro hac vice*)
                                      *steve@pathtojustice.com*
                                      **Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.**
                                      425 North Andrews Avenue, Suite 2
                                      Fort Lauderdale, Florida 33301
                                      Phone: 800-400-1098
                                      Fax: 954-524-2822

                                      Michael G. Salazar Jr., Esq.
                                      **The Ticket Clinic, a Law Firm**
                                      1625 N. Mannheim Road
                                      Stone Park, IL 60165
                                      Office: 708-292-0909
                                      Fax: 872-216-9906

                                      *Attorneys for Plaintiffs and the Putative Class*

15

# EXHIBIT A



# AUTOMATED TRAFFIC VIOLATION
## City of Chicago · Department of Finance
### Search & Pay For Your Tickets On-Line at:
### www.cityofchicago.org/finance
### 312.744.PARK (7275)    312.744.7277 (TTY - For Hearing Impaired)

| Notice Date: | 08/02/15 |
|---|---|
| Notice Number: | 5185632370 |

0000

BADILLO, NATALIE

CHICAGO    IL    60629-2124

## YOU MUST PAY OR CONTEST BY ↓

## VIOLATIONS

| TICKET NUMBER | PLATE/STATE/TYPE/ VEHICLE MAKE | LOCATION DATE & TIME | VIOLATION CODE AND DESCRIPTION | FINE AMOUNT | TOTAL AMOUNT DUE | PAY OR CONTEST BY DATE |
|---|---|---|---|---|---|---|
| 7006249263 | V528795 IL PAS OTHR | 2400 W. PERSHING ROAD 07/06/15  20:03 | 9102020 RED LIGHT VIOLATION | $100 | $100.00 | 08/23/15 |





**Issuing Technician's Code**
8033

This Red-Light Violation is a photographic record obtained by a traffic control signal monitoring device. Please note, the vehicle identified above bears a licens... plate registered or leased in your name. All registered owners appearing on the license plate registration or lessees, if applicable, are legally responsible for th... violation. If you believe the license plate displayed in the photo above is not registered to you, please call 312.744.PARK (7275). For information regarding hearing requests, please see the reverse side of this notice.

### TO ENSURE PROPER POSTING OF YOUR PAYMENT, THIS PAYMENT STUB MUST BE ENCLOSED.

---

**Notice of Violation Stub**

BADILLO, NATALIE

CHICAGO    IL    60629-2124

| Notice Date: | 08/02/15 |
|---|---|
| Notice Number: | 5185632370 |

**TOTAL AMOUNT DUE**
For The Ticket Listed On This Notice

**$100.00**
REFLECTS PAYMENT AS OF
**07/26/15**

TO ENSURE PROPER CREDIT PLEASE RETURN THIS STUB WITH YOUR PAYMENT

Please fill in the PAY circle if you would like to pay this ticket.. PAY → ○
OR
You may choose to request a hearing by choosing one of the options below:

| | CONTEST BY MAIL | IN-PERSON HEARING |
|---|---|---|
| TICKET# | | |
| 7006249263 | ○ | ○ |

**PLEASE:**
Enclose your check or money order
made payable to the CITY OF CHICAGO

7006249263900010000

...TOS OR PAY BY CREDIT CARD NOW AT WWW.CITYOFCHICAGO.ORG/FINANCE

# EXHIBIT B

| Check To Pay | Ticket Number | Violation Description | License Plate | State | Issue Date | Ticket Amount | Click Below For Ticket Status |
|---|---|---|---|---|---|---|---|
| ◆ | 9185763724 | Residential permit parking | V528795 | IL | 9/25/2014 | $0.00 | Paid |
| ◆ | 7005900791 | Red light violation | V528795 | IL | 10/1/2014 | $0.00 | Paid |
| ◆ | 7006249263 | Red light violation | V528795 | IL | 7/6/2015 | $0.00 | Paid |